The opinion of the Court, was delivered at this term, by
Hornbloweb, C. J.
This is an action brought by John S. Wood as second indorsee of a promissory note for one thousand dollars against Thomas B. Wood and Isaiah Wood the makers thereof) payable to Dudley L. Farnham, and Shubael G. Rogers, or order.
The first indorsement was in these words; “ For value received we assign all our interest to the within note to Thomas J. Yorke without recourse to us for collection. December 1831.”
(Signed)
“ Dudley L. Parnam ”
“ Shubael G. Rogers,' by his
“ Attorney in fact Dudley
“L. Parnam.”
The note was then indorsed by Thomas J. Yorke to John S. Wood the plaintiff, but without recourse to the indorser.
On the trial of the cause before Mr. Justice Ryerson, the note was proved and also the signatures of Dudley L. Parnam and of Thomas J. Yorke, but no evidence whatever was given of any partnership in fact between Parnam and Rogers, nor of any authority on the part of Farnam to subscribe the name of Rogers to the endorsement, as above stated.
Upon these facts, a verdict was taken for the plaintiff, under the direction of the Judge, subject to the opinion of this Court.
It seems to me, that the simple question in this case is, whether any one of the several payees of a promissory note, by the endorsement of his own name on the back of it, can transfer the title of the note, to a third person ? I confess I cannot perceive why one of the several joint owners of a note or other security for money, should be able by his own act to pass it away, any more than that one of the joint owners of a horse or other chattel should be able to sell and dispose of it, without the concurrence of his co-tenants. Yet to my surprise it is gravely insisted by the *430 plaintiff’s counsel that the former may be done, though he admits that the latter cannot. The difference is supposed to lie in the fact, that a promissory note is a commercial instrument, and that the facilities and security of trade requires them to be dealt •with upon other principles, than those which are applicable to joint securities or joint*property of a different character. To carry out this idea, it is broadly maintained, that if two or more take a note or other mercantile instrument for the payment of money, payable to themselves or order, they thereby become, as to all the world, partners in that particular transaction, and that every body has a right to deal with each of them,.in relation to that instrument, as if they were partners. But for such a doctrine, there is no foundation in the reason of things, nor in the settled rules of law. The case of Carvick v. Vickery, Dougl. R. 653, seems to have been made the foundation of this doctrine. But neither that case nor any other cited by the plaintiff’s counsel, give it any support. That was an action by the endorsee of a bill of exchange drawn on Vickery the defendant, by two men, payable to themselves or their order. Vickery accepted the bill, when it became due and wrote on it an order on his banker to pay it. The bill was indorsed to the plaintiff only by one of the payees, but it must be observed that the acceptance and order to pay, were made after that indorsement. This in my opinion was a recognition by Vickery the defendant, of the right of one of the payees to negotiate the bill, and it did not lie in his mouth after-wards to deny that authority. To permit him to do so, was a fraud on the endorsee, who relied on his acceptance. Upon this ground, and this only, I think the plaintiff ought to have recovered in that case. Lord Mansfield however, non-suited the plaintiff because the bill was not endorsed by both of the payees; but this non-suit was afterwards set aside on the ground, that the drawers of the bill, by making it payable to themselves or their order, had made themselves partners as to that transaction, so as to authorize one of the parties in his own name to negotiate the bill. In this opinion, the Court is said to have been unanimous, and I must confess it has always struck me as a very extraordinary decision. Upon a second trial however, before a special Jury, the counsel for defendant offered to prove, that by the universal usage and understanding of Bankers and Merchants in *431 London, the indorsement was insufficient, and the Jury, una voee, declared they knew it to be so, and found a verdict for the defendant accordingly.
This case, then, I think falls far short of establishing the doctrine contended for. But it is said, the general rule of law is, as was laid down by the Court in that ease, and that the cause was ultimately decided by the Jury, according to the particular usage of merchants in London.
It is not quite certain from the manner in which the ease is reported, that such was the ground of the verdict. I rather understand Lord Mansfield as doubting of the law of the case, and admitting the evidence offered, to shew what was the general understanding among Bankers and Merchants on the subject.
But this action is against the makers of the note, and they have a right to resist payment to any body, except to the true owner of the note. The plaintiff must then prove title by shewing a transfer from the former owners of the note, to him. This he has failed to do.
If a bill is drawn on two, and they make a joint acceptance, or if a joint note is made by two, although they are not partners in any legal sense of the word ; still they are liable to the same extent as if they were partners: that is they are jointly liable, and each is responsible to the extent of his individual property. Hence the plaintiff’s counsel seeks to fortify himself by calling this instrument in its present shape a bill of exchange. It is true a promissory note when regularly indorsed, assumes the nature of a bill of exchange; the payee, by indorsing a note, becomes in effect the drawer of a bill, the makers of the note stand in the relation of acceptors, and the indorsee in that of the payee of the bill. Now if Farnam and Rogers the payees of the note, had both indorsed it, the likeness would have been complete: but what right had Farnam aloue, to draw on the makers of the note? They were indebted to and had promised to pay Farnam and Rogers; but they cannot by Faruam’s appointment, be converted into acceptors of his individual draft. This argument therefore entirely fails.
The ease of Jones v. Radford in a note to Porthouse v. Parker, 1 Camp. N. P. 83, also cited by plaintiff’s counsel, sustains the ground, upon which, as I have before suggested, a recovery ought *432 to have been had in the case of Carvick v. Vickery, but gives no countenance to the doctrine now contended for. That was an action by the indorsee against the acceptor of a bill payable to two persons, one of whom had indorsed it in the name of himself and the other before it was accepted. The defence set up by the acceptor was that the payees were not partners, and that the bill ought therefore to have been indorsed by both, and Carvick v. Vickery, as settled by the Jury in that case was relied on. But Lord Ellenborough held that the defendant having accepted the bill indorsed by one for himself and the other, could not now dispute the regularity of that indorsement.
Chano. Kent it is true, in his Commentaries, 3 vol. p. 8 of first edition says, “ If two persons should draw a Bill of Exchange, they are considered as partners in respect to the bill, though in every other respect, they remain distinct. By appearing on the Bill as partners, the person to whom it is negotiated is to collect the relation of the parties from the Bill itself, and they are not to be permitted to deny the conclusion.” In support of this decision, the commentator however cites only the case of Carvick v. Vickery: and he admits that this principle has not been extended to the case of two persons signing a joint note, though it is not easy, as he remarks to perceive a distinction between the cases. In Hopkins v. Smith 11 Johns. R. 141, to which the Chancellor refers, it was distinctly held that two persons signing a joint note, is no evidence of a partnership: so as to make them liable to be sued as partners, or to authorize them to sue as such, about any matter.arising out of the consideration for which the note was given, and in my opinion the Court were right.
But after all, be the law, as to joint promissors or joint drawers, what it may, the plaintiff has failed to produce any case, shewing that the joint payees of a promissory note, are partners in any legal sense of the term. It would be monstrous if any such doctrine should be established. If joint owners or tenants in common, of lands or chattels, should sell them and take a note or other security payable to themselves, it cannot be kept by both of them ; one or the other must have the custody of. the paper ; and to suffer that one to negotiate the instrument by his own signature and divest the title of the other, and not only so, but to make him liable as indorser, upon an implied partnership, strikes *433 me as a singular doctrine. Payment to the party in possession of the note, if made in good faith, would no doubt, be good : and thus far there is, and must be from the necessity of the case, an implied authority in the payee who has the note in his custody, to act; and no further, as I apprehend.
But there is another answer to the plaintiff’s case. Farnam did not act nor profess to act under any implied authority. Ho signed as Attorney in fact for Rogers, and the plaintiff failed to prove any express authority by letter of Attorney or otherwise.
Finally: it is said the defendants cannot be prejudiced by maintaining this action against them ; that they cannot be sued again on the same note. Admitting that they cannot be sued again, it does not follow that they may not be prejudiced: they may have equities against this note while it remains in the hands of the payees, and it would be unjust to permit one of them to defeat those equities, by his own individual act.
I am of opinion that the verdict ought to be set aside, and a judgment of non-suit entered.
Ford, J. and Dayton, J. concurred. White, J. absent.

Verdict set aside, and judgment of Nonsuit ordered.

The preceding case of Wood v. Wood and Wood, being considered by the plaintiff’s counsel, as involving important principles, the Reporter has been requested to annex the arguments before this Court.
Eakin, for plaintiff.
The note is drawn to Dudley L. Farnam and Shubael G. Rogers, or order; not to S. G. R. alone, but to the two jointly. The assignment is by D. L. Farnam alone, who has also signed the name of S. G. Rogers and added thereto “ by his Attorney in fact D. L. Farnam.”
Upon the face of the note it does not purport to be given either to any one principal or agent, but plainly to two payees. The assignment is by one only, signing both their names; and then making the unnecessary addition above stated, which by the very *434 face of the note, he was not warranted in adding, and which must be considered as mere surplusage, which never vitiates. “ TJtile per inutile non vitiatur.”
By law, there are two species or kinds of partnership, general and particular or special. “ As if in any specified undertaking, in which they are only liable to each other and the public, in matters that concern such undertaking.” Cary on Part. 7; 5 Law Library; Kent. Com. 30 ; Cowp. 814, Willett v. Chambers.
“ So if two persons put their names jointly to a promissory note or bill of exchange, they are so far in this particular instance considered as partners.” Cary on Part. 7, citing Dougl. 653, Carvick v. Vickery; Ch. on Bs. 40.
If two persons should draw a bill of exchange, they are considered as partners in respect to the bill, though in every respect distinct. 3 Kent. G. 30, citing Doug. 653; 1 Bay. Dig. Ind. 266 Pl. 12. And is deemed sufficient to subject a party to be made a bankrupt, Ch. on Bs. 548. So by parity of reasoning, it must be held that if a note is given to two, they are partners in that transaction as fully to all intents and purposes, as if those two had given that note.
“ And by thus appearing on the bill as partners, the person to whom it is negotiated is to collect the relation of the parties from' the bill itself, and they are not permitted to deny the conclusion. 3 K. Com. 30. See 1 Campb. 83. Jones v. Radford was when a note was given to two not in partnership, endorsed by one only, and by Ld M. held sufficient. And although there be no express articles of partnership, the obligation of a partnership engagement may equally be implied in the acts of the parties.” Cary on Part. 6, 3 K. Com, 27 e. g. taking, giving, assigning joint notes ib. 7 ib. 30.
And as the party to whom such note is negotiated must look upon such persons as partners, the conclusion cannot be denied. 3 K. C. 30.
It cannot be doubted that after such declared law, the assignee could look upon the drawers and drawees in any other point of view than partners. And if one partner can give, assign, &c. promissory notes, &c. for, or in the name of the firm, then is this assignment proper, legal and sufficient. And it never was doubted but that in such- cases, one partner might bind *435 the rest.” 7 T. R. 206, Harrison v. Jackson: Ch. on B. 46 n. c. 3 Kent C. 41, 89.
“Although the other partners were ignorant of the transaction and were even intentionally defrauded by their partners,” Ch. Bills, 40, 3 K. Com. 41, 89, 7 East. 210, Swain v. Steele; 13 ib. 175.
“And it would be a great impediment to commerce if the actual consent of each partner must be obtained ; and hence the act of one, when it has the appearance of being on behalf of the firm, it is considered as the act of the rest, and a bill Ac. so endorsed, gets into the hands of a bona fide holder, they are all liable to him. Ib. 40, 89. And that they are such partners he must collect by the bill itself, i. e. that it is drawn or given to two jointly. Chitty on Bills 41, 3 K. Com. 41, 43; Cary on Part. 40. See note (a) Lord Ellenborough’s opinion, he says, ‘It would be a strange and novel doctrine to hold it necessary for persons receiving a bill of exchange endorsed by one of several partners, to apply to each of the other partners to know whether he assented to such endorsement, or otherwise it should be void; there is no doubt in the absence of fraud, such endorsement would bind ail/
Sio, “ If a bill is drawn by two, payable ‘ to us or our order ’ and subscribed by both, though not in partnership, they make themselves partners by the form of the bill, to the effect of making the endorsement by one of them valid. Carvick v. Vickery 2 Dougl. 653, n; 1 Bay. Dig. Ind. 266 Pl. 12: 1 Campbl. 83, Jones and al v. Radford.
We need not show any verbal agreement of contract between them. “ The law will imply a partnership from the bare act of trading jointly.” Cary on Part. 6, 3 K. C. 27.
The drawers have no legal or just right to gainsay or deny ibis endorsement; they cannot be called upon by Rogers, who has acquiesced in the taking and assigning this note by Farnam. Ch. on B. 44-5-6. At law, partners are liable to each other for their several transactions in the partnership affairs. C. on Pari. 56. Again, a note endorsed and negotiated becomes a bill of Exchange. 2 Ph. Em. 12. “And the maker by putting his name to it, acknowledges he has in his hands, money of the payee, and undertakes to pay it to the person legally entitled to receive it; *436 id est, to the person who has paid a good consideration for the note, and who has become the legal holder. 2 Ph. Ph. 13. In other words, he makes an appropriation of so much money, to be paid to the person who shall become the holder of the note.” ib.
In the case of Carvick v. Vickery, Lord Mansfield and the other Judges were of opinion that a joint note given to two, might be endorsed by one. The second trial turned altogether upon the custom of Merchants in London, which never constituted any part of the Laws of New Jersey but a mere local custom, not extending beyond their bills of mortality. Kent in his third Commentaries, 30, fully recognizes that such payees &c. are partners, ergo may endorse, and in Bayl. Dig. Ind. 266, the case of Carvieh is laid down in the same manner to w7it: that it may be endorsed by one, semble 3 K. C. 30, and 1 Camp. 83. The custom is sanctioned by its universality from the earliest settlement of the country, and to hold another rule in negotiable bills, notes &c. would prove “a great impediment to all commercial and business transactions.” To guard against this very measure it is now holden (as has been clearly shown) that the giving a note to two, renders them partners in that transaction. This being established, the conclusion that must legitimately follow is, that one partner may draw, assign, transfer, &c, bills, notes, &c. that will bind the ■ firm, or it cannot be such a partnership as is known in • law.
A cantrary doctrine cannot be tolerated. One of the drawees, payees of a joint negotiable instrument may die, before due, or transfer ; he may be in Europe or incapable of signing from some incidental cause or disability; it would then follow that such note, bill, &c. would cease to be negotiable, and the object and intent of its creation, frustrated.
The soundness of the decision, of Carrick v. Vickery on -the second trial has been questioned by modern annotators, and a sed quere added to the abstract of that case. And Lord Ellen-borough overruled that case, in Jones v. Radnor, 3 Camp. 83 n. A case exactly in. point with the present. The action was by indorsee of a bill payable to two persons Hopkins and McMitchell. The bill was endorsed by H. in the name of himself and McMitchell &c. The defence was, the payees were not partners, and that the bill therefore ought to have been endorsed by both. *437 Held, that the defendant having accepted it, endorsed by one for himself and the other, could not now dispute it.
Jeffers for defendants. This is a note payable to Farnam and Rogers-jointly. The indorsement is, by Farnam for himself, and “ Shubaol Rogers by his attorney in fact Dudley L. Farnam.” The plaintiff was bound to produce the power constituting Farnam attorney in fact; such an agent is made by letter of Attorney, 1 Jae. L. Dio. 169. The words attorney in fact, import a specific power for a general or special purpose, and that power ought to have been shown, to entitle the plaintiff to read the note in evidence.
2. When a note or bond is payable to two jointly, one of the payees cannot indorse the note or assign the bond. This case is clearly within the decision of this Court in Stevens v. Bowers 1, Harr. Rep. 16.
The cases cited by the counsel for the plaintiff, do not prove that a joint promissory note constitutes a partnership. The ease of Kirby v. Cogswell 1, Caines, 505, was when one partner indorsed the note to himself in the name of the firm. The case of Carvick v. Vickery reported in a note in Doug. 653 was overruled upon a second trial and judgment given for the defendant, as the bill should upon principles of law, have been indorsed by both payees.